
RECEIVED
JAN 26 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JERAMIE BROWN, et ux | CIVIL ACTION NO. 04-1486 |
| VERSUS | JUDGE DOHERTY |
| SEAMAR MANAGEMENT, L.L.C., et al | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

### I. Introduction

Pending before the Court is a Motion for Summary Judgment [Doc. 20] filed by defendant/third party plaintiff, SeaMar Management, L.L.C. ("SeaMar"). The motion is opposed by third party defendant, Offshore Oil Services, Inc.

### II. Background

This litigation arises out of a claim of personal injury by plaintiff Jeramie Brown. Plaintiff was employed as a sandblaster by L&L Sandblasting, Inc. at the time of the alleged injury. According to Mr. Brown, he was injured when he transferred from the High Island 134-A platform to the *M/V Cape Cook* using a swing rope.[1] Plaintiff landed on the jump deck of the vessel, which allegedly was broken, causing plaintiff's injuries.[2] Plaintiff filed suit based on general maritime law and the Outer Continental Shelf Lands Act.

---

[1] The platform is owned by Unocal. The *M/V Cape Cook* is owned by Nabors U.S. Finance, bareboat chartered by SeaMar, and time chartered by Offshore Oil Services.

[2] Plaintiff's Complaint for Damages, [Doc. 1]

SeaMar, the bareboat charterer, has filed this motion asking the Court to rule that Offshore Oil Services, the time charterer, owes SeaMar a defense and indemnity with respect to plaintiff's claim, pursuant to the terms of the Master Time Charter Agreement ("Agreement") entered into by SeaMar and Offshore Oil Services on or about March 6, 2002. SeaMar also asks for judgment declaring that Offshore Oil Services must indemnify and hold harmless SeaMar against any claims made by third parties against SeaMar arising out of injuries or damages caused by the *M/V Cape Cook* to the extent that Offshore Oil Services is negligent. As to this second claim, the Court finds the issue is not ripe and declines to rule unless and until a claim is made by a third party against SeaMar. SeaMar's first claim will be addressed below.

### III. Summary Judgment Standard

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. Proc. 56(b). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c).

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. Fed. R. Civ. Proc. 56(e).

As the Fifth Circuit has pointed out:

> This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.* ...[S]ummary judgment is appropriate in *any* case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)(citations omitted)(emphasis in original).

In evaluating the evidence provided in support of, and in opposition to a Motion for Summary Judgment, "[t]he court must view facts and inferences in the light most favorable to the party opposing the motion." Hunt v. Rapides Healthcare Sys. LLC, 277 F.3d 757, 762 (5th Cir. 2001). "A factual dispute precludes a grant of summary judgment if the evidence would permit a reasonable jury to return a verdict for the non-moving party." Id. In evaluating evidence to determine whether a factual dispute exists, "[c]redibility determinations are not part of the summary judgment analysis." Id. To the contrary, "[i]n reviewing all the evidence, the court must disregard all evidence favorable to the moving party *that the jury is not required to believe*, and should give credence to the evidence favoring the non-moving party, *as well as that evidence supporting the moving party that is uncontradicted and unimpeached.*" Roberts v. Cardinal Servs., 266 F.3d 368, 373 (5th Cir. 2001) (emphases added).

## IV. Analysis

Offshore Oil Services and SeaMar entered into a Master Time Charter Agreement setting forth the terms of their working relationship for the time charter of the *M/V Cape Cook*. There is no dispute that the agreement was in effect at the time of plaintiff's accident. The parties also agree that

the agreement is a maritime contract and that its indemnity provisions are valid and enforceable under maritime law. The indemnity language contained in the agreement states as follows:

> 13. Owner's Indemnities.[3]
> Neither charterer, its officers, employees, nor the underwriters of any of the foregoing shall have any of the responsibility or liability for any claim involving damage to or loss of the vessel or any of the owner's equipment, or for any injury, illness, disease, or death of employees, agents or representatives of owner, owner's subcontractors or invitees, and owner shall defend, indemnify, and hold harmless charterer, its officers, employees, and the underwriters of each of the foregoing from and against any such claim, whether groundless or not, and whether caused in whole or in part by the negligence or fault of indemnitees, or by the equipment of charterer, charterer's property or charterer's subcontractors' property. It is expressly understood that owner shall insure its obligations assumed under this paragraph.
>
> 14. Charterer's Indemnities.[4]
> Neither owner, its officers, directors, employees, the vessel, her owners, operators, master, and crew, nor the underwriters of any of the foregoing shall have any responsibility or liability for any claim involving damage to or loss of any property, drilling rigs, vessels, cargo and/or equipment of charterer, charterer's other subcontractors, charterer's customers or invitees or for any injury, illness, disease or death of employees, agents or representatives of charterer, charterer's other subcontractors, charterer's customers or invitees and charterer shall defend, indemnify, and hold harmless owner, its officers, directors, employees, the vessel, its owners, operators, master, and crew, and the underwriters of each of the foregoing from and against any such claim, whether groundless or not, and whether caused in whole or in part by the negligence or fault of indemnitees, or by unseaworthiness of the vessel or equipment of owner, owner's property or owner's subcontractors' property. It is expressly understood that charterer shall insure its obligations assumed under this paragraph.

The reciprocal indemnity obligations of Seamar and Offshore Oil Services are based on the status of the person claiming injury. In other words, the obligation to provide defense and

---

[3] The contract defines Owner as SeaMar Management, Inc.

[4] The contract defines Charterer as Offshore Oil Services.

4

indemnification is based upon the relationship that plaintiff and his employer, L&L Sandblasting, had with SeaMar and Offshore Oil Services. For indemnity to flow in favor of SeaMar, it must be shown that: (1) plaintiff was an "employee, agent or representative" of Offshore Oil Services, or (2) plaintiff's employer, L&L Sandblasting, was a "subcontractor" of Offshore Oil Services, or (3) plaintiff's employer, L&L Sandblasting, was the "customer" of Offshore Oil Services, or (4) plaintiff was an "invitee" of Offshore Oil Services, invited to work aboard the *M/V Cape Cook*.

All parties state that plaintiff was an employee of L&L Sandblasting. Neither party has suggested that plaintiff is an employee of Offshore Oil Services. Offshore Oil Services argues that plaintiff is not its subcontractor, because Offshore Oil Services did not have a contractual relationship with L&L Sandblasting. Therefore, argues Offshore Oil Services, neither L&L Sandblasting nor its employee is a subcontractor of Offshore Oil Services. Offshore Oil Services also argues that plaintiff is not its customer and has submitted affidavits in support of its position. Finally, Offshore Oil Services argues that plaintiff is not its invitee. An invitee is a "person who goes onto premises with the expressed or implied invitation of the occupant, on business of the occupant or for their mutual advantage." Blanks v. Murco Drilling Corp., 766 F.2d 891, 894 (5th Cir. 1985). "Invitee status is determined by who invites the injured party onto the premises." Id. Offshore Oil Services submits the affidavit of its Executive Vice-President in support of its position that neither plaintiff nor his employer was an invitee of Offshore Oil Services aboard the *M/V Cape Cook*. Offshore Oil Services argues that L&L Sandblasting was working for Williams Field Services, a customer of Offshore Oil Services, and supports this with the affidavit of a Senior Technician employed by Williams Field Services. Whether Offshore Oil Services is arguing that

plaintiff is an invitee of L&L is not clear from its Memorandum.[5]

SeaMar, on the other hand, has submitted very little argument or evidence in support of its position. SeaMar's entire argument in support of its Motion for Summary Judgment reads as follows:

> Under the terms of the Master Agreement, Offshore Oil Services, shall defend, indemnify and hold harmless SeaMar in cases such as the present, where there is injury to an employee of one of the charterers, subcontractors, or invitee, irrespective of whether SeaMar may be alleged or proven to have been negligent or otherwise legally liable. Jeramie Brown, the plaintiff, was an employee of L&L Sandblasting, a subcontractor or invitee of Offshore Oil Services, the charterer. The language of the Master Agreement is clear and unequivocal. Therefore, it is immaterial that plaintiff alleges or even proves that SeaMar is at fault, (SeaMar specifically denies any fault in the action), because Offshore Oil Services, contractually is bound to defend and indemnity SeaMar in any and all instances.

SeaMar conclusorily states that plaintiff was a "subcontractor or invitee" of Offshore Oil Services, but gives no evidence or argument to support its position. Offshore Oil Services, on the other hand, has presented argument and evidence (affidavits) challenging SeaMar's position, but it's argument and affidavits are still insufficient for this Court to make a final determination. Whether plaintiff was a subcontractor or invitee of Offshore Oil Services is a genuine issue of material fact that has not been established sufficiently such that this Court can rule that Offshore Oil Services does or does not owe SeaMar defense and indemnity. Neither party has provided this Court with sufficient evidence to summarily make the final judgment that the parties are requesting. The Court must draw all reasonable inferences in favor of the non-moving party. As such, SeaMar's Motion

---

[5] Offshore Oil Services further states that it anticipates that SeaMar will assert plaintiff was an implied invitee of Offshore Oil Services. Offshore Oil Services argues that if plaintiff was its implied invitee, then he was an express invitee of SeaMar. If plaintiff was an invitee of both Offshore Oil Services and SeaMar, then the two (2) entities would each owe the other defense and indemnity; an absurd result. The Court need not address this argument due to its ultimate ruling.

for Summary Judgment is DENIED for failure to carry its burden of proof.

V. **Conclusion**

For the foregoing reasons, the Motion for Summary Judgment filed by SeaMar Management, L.L.C. asking this Court to: (1) rule that Offshore Oil Services must indemnify and hold harmless SeaMar with respect to plaintiff's claim, and (2) rule that Offshore Oil Services must indemnity and hold harmless SeaMar against any claims made by Third Parties against SeaMar arising out of injuries or damages caused by the *M/V Cape Cook*, is DENIED in its entirety.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___26___ day of ___January___, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE