# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JERAMIE BROWN, ET AL. | * | CIVIL NO. 04-1486 |
| VERSUS | * | JUDGE DOHERTY |
| SEA MAR MANAGEMENT, LLC, ET AL. | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

The determination of the amount of attorneys' fees and expenses owed by Offshore Oil Services, Inc. ("Offshore") to Sea Mar Management, LLC. ("Sea Mar") pursuant to an indemnity provision in a contract between the parties has been referred to the undersigned for report and recommendation.

## BACKGROUND

Plaintiffs Jeramie and Daphe Brown filed the instant suit against Sea Mar and Unocal for injuries allegedly sustained by Jeramie Brown while aboard the M/V Cape Cook. After Sea Mar's written demand to Offshore for contractual indemnity, on September 15, 2004, was refused, Sea Mar filed a third party complaint against Offshore seeking contractual indemnity, attorney's fees and expenses incurred in the defense of the underlying litigation pursuant to a contract between Sea Mar and Offshore. [rec. doc. 8]. Sea Mar's Motion for Summary Judgment on its third party demand was granted. However, the parties were unable to amicably resolve the amount of attorney fees and expenses owed by Offshore to Sea Mar. [rec. doc. 47 and 59]. Accordingly, that issue was referred by Judge Doherty to the undersigned for Report and Recommendation. [rec. doc. 59].

A status conference was held before the undersigned and the parties were Ordered to submit ceratin documentation to the court to assist in the determination of attorney's fees and expenses. [rec. docs. 60, 62 and 63]. More specifically, Sea Mar was ordered to file a supplemental brief in support of Attorney's Fees on or before October 3, 2006, setting forth: (1) the customary hourly rate of each attorney and each paralegal involved; (2) a description of each task for which Sea Mar sought recovery, and an itemized list of the amount of time expended on each task, excluding the time associated with the pursuit of Sea Mar's contractual indemnity claim; (3) a statement of the total attorneys' fees sought, including an itemization as to how those fees were calculated (i.e.: number of hours billed per attorney or paralegal x customary rate); and (4) an itemized list of all expenses for which Sea Mar sought recovery, including a statement of the total expenses sought.[1] Offshore was ordered to file it's response setting forth all of it's objections to the hourly rates of attorneys and paralegals involved in this litigation, and to the amount of attorneys' fees and costs sought by Sea Mar on or before October 18, 2006. [rec. doc. 63]. Sea Mar has complied with the undersigned's Order, setting forth the basis for its claim for attorney's fees in the amount of $36,213.50 and expenses in the amount of $4,103.73. [rec. docs. 64 and 65]. Offshore has filed no objection to Sea Mar's request. This Report and Recommendation follows.

---

[1] In response to Judge Doherty's previous Order, Sea Mar had already filed a brief on the amount it believed was owed, and had filed supporting documentation for that amount. [rec. doc. 61].

# GUIDELINES FOR ATTORNEYS' FEES CALCULATION

In the instant matter, federal jurisdiction over the main demand was pursuant to the general maritime law and the Outer Continental Shelf Lands Act. Under the general maritime law, claims for attorney fees and expenses are governed by federal law. Under OCSLA, attorney's fee awards are governed by the law of the adjacent state, as long as that law is not inconsistent with federal law. 43 U.S.C. § 1333 (a) (2); *Demette v. Falcon Drilling., Inc.*, 280 F.3d 492 (5th Cir. 2002).

In this case, Louisiana is the adjacent state. Under Louisiana law, awards of attorney fees permitted pursuant to contractual provisions are subject to review and control by the courts. Thus, Louisiana courts inquire into the reasonableness of the fee claimed. *Central Progressive Bank v. Bradley*, 502 So.2d 1017, 1017 (La. 1987); *City of Baton Rouge v. Stauffer Chemical Co.,* 500 So.2d 397, 400-401 (La. 1987) ("Louisiana courts have not hesitated to apply the guidelines of Disciplinary Rule 2-106 in their review and control of attorney fees established by contract ...."); *Helena Chemical Company v. Nichols,* 695 So.2d 990, 994 (La. App. 3d Cir. 1996); *State Dept. of Transportation & Development v. Williamson,* 597 So.2d 439, 441-442 (La. 1992)*; Fourchon Docks, Inc. v. Milchem Inc.*, 849 F.2d 1561, 1567-68 (5th Cir. 1988). In determining the reasonableness of such fees, the Louisiana courts engage in an analysis using factors comparable to those outlined in the federal jurisprudence.[2] *Robichaux v.*

---

[2] Under Louisiana law, recoverable fees must be reasonable, and the amount is regulated by the Rules of Professional Responsibility, Rule 1.5 (a). *Id.*; *Deutsch, Kerrigan & Stiles v. Fagan*, 665 So.2d 1316, 1323 (La. App. 1st Cir. 1995); *see also Metropolitan Reporters, Inc. v. Avery*, 665 So.2d 547, 550 (La. App. 5th Cir. 1995); *Hoskins v. Ziegler*, 506 So.2d 146, 148 (La. App. 4th Cir. 1976). Under federal law, the factors which guide federal courts within the Fifth Circuit in determining reasonable fee awards are set forth in *Johnson v. Georgia Highway Express,*

*Glorioso,* 2000 WL 1171119, *3 (E.D.La. 2000).

Under Louisiana law, the trial court must award a reasonable fee commensurate with the required level of legal services performed. *Cates v. Sears, Roebuck & Co.,* 928 F.2d 679, 690 (5th Cir. 1991). The factors to be considered in fixing attorney's fees can be found in Rule 1.5 of the Louisiana Rules of Professional Conduct.[3] *Southfield Square Homeowners Ass'n, Inc. v. Myers,* 670 So.2d 639, 640 (La.App. 3 Cir. 1996); *Mayeur v. Campbell*, 666 So.2d 366 (La.App. 1 Cir. 1995); *Davidson, Meaux, Sonnier, McElligott & Swift v. Broadhead*, 649 So.2d 479 (La.App. 3 Cir. 1994), writ denied, 650 So.2d 243 (La. 1995). Under Rule 1.5, excessive attorney's fees are prohibited. *Kem Search v. Sheffield*, 434 So.2d 1067, 1070 (La. 1983).

Rule 1.5 of the Rules of Professional Conduct provides, in pertinent part:

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) The fee customarily charged in the locality for similar legal services;

(4) The amount involved and the results obtained;

(5) The time limitations imposed by the client or by the circumstances;

---

*Inc.,* 488 F.2d 714 (5th Cir. 1974).

[3]The Louisiana Rules of Professional Conduct have replaced the Disciplinary Rules.

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) Whether the fee is fixed or contingent.

The Fifth Circuit has noted that the guidelines found in Rule 1.5 are permissive and that consideration of each rule is not mandatory. *Fourchon Docks*, 849 F.2d at 1568.

Under federal law, the determination of reasonable attorney's fees involves a two-step procedure. *Louisiana Power & Light Company v. Kellstrom,* 50 F.3d 319, 324 (5th Cir. 1995), citing *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. *Id*. Then, the district court must multiply the reasonable hours by the reasonable hourly rates. *Id*. The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case, assessing the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). *Wegner v. Standard Insurance Company,* 129 F.3d 814, 822 (5th Cir. 1997).

The twelve *Johnson* factors include: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of

5

the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717-19.[4] Many of the *Johnson* factors are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate, and should not be double counted. *Jason D.W. by Douglas W. v. Houston Independent*, 158 F.3d 205, 209 (5th Cir. 1998). Additionally, the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that "[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts." *Walker v. U. S. Department of Housing and Urban Development,* 99 F.3d 761, 771-72 (5th Cir. 1996).

The fee applicant bears the burden of proving the reasonableness of the number of hours expended on their prevailing claim. *Leroy v. City of Houston,*, 906 F.2d 1068, 1079 (5th Cir. 1990). The party seeking attorney's fees must present adequately documented time records to the court. *Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993). Using this time as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented. *Id*. citing *Hensley,* 461 U.S. at 432-34, 103 S.Ct. at 1939. Moreover, hours which result from the case being "overstaffed" or are "excessive, redundant or otherwise unnecessary", even though actually expended, are not hours reasonably expended and are to be

---

[4]The Fifth Circuit has not decided whether the factors in *Johnson* should apply in a diversity case to determine the reasonableness of attorney's fees. *See Mid-Continent,* 205 F.3d at 232; *Robichaux v. Glorioso*, 2000 WL 1171119 (E.D. La. 2000). As discussed above, Louisiana courts engage in an analysis similar to *Johnson*, and therefore, the same result is reached under either state or federal analysis. *See*, *Robichaux*, *supra*.

excluded from the calculation. *Leroy*, 906 F.2d at 1079 citing *Hensley,* 103 S.Ct. at 1939-40 and *Flowers v. Wiley*, 675 F.2d 704, 705 (5th Cir. 1982) ("there should have been no compensation for hours spent in duplicative activity ...").

As can be seen from the above, the lodestar approach as delineated in *Johnson*, and the analysis under Rule 1.5 are very similar. In this case, the undersigned concludes that the result is the same whether the analysis is conducted under *Johnson* or under Rule 1.5.

## ANALYSIS

Sea Mar seeks $36,213.50 for the legal and paralegal services rendered by William M. Bass and Phyllis Thibodeaux, and $4,103.73 in expenses, for a total of $40,317.23.

In support of Sea Mar's request, counsel submitted the following: copies of billing records describing the tasks performed by attorney, William M. Bass, and paralegal, Phyllis Thibodeaux, from August 2, 2004 through August 31, 2006 and the time allotted to these tasks, and copies of expense records for that same time period. [rec. docs. 61, Ex. 4 and 65]. Sea Mar has excluded from its request for attorney's fees all services performed prior to its August 13, 2004 demand for contractual indemnity as well as all services performed in establishing its right to indemnification.[5]

---

[5] Fees for work associated with the pursuit of Sea Mar's contractual indemnity claim are not recoverable. "[U]nder a general indemnity agreement ..., the indemnitee enjoys no right to recover its legal fees incurred in establishing its right to indemnification." *Weathersby v. Conoco Oil Co.*, 752 F.2d 953, 959 (5th Cir. 1984) (citations omitted).

## REASONABLE HOURS EXPENDED

A review of all of the entries contained in the billing records reveals that William M. Bass billed a total of 187.70 hours in connection with the defense of the main demand at the hourly rate of $175.00, and that paralegal Phyllis Thibodeaux billed 56.10 hours in connection with the defense of the main demand at the hourly rate of $60.00.

A careful review of all of the entries reveals no vague or otherwise insufficiently documented entries, and no entries which represent duplicative work or work which appears to have been the result of "overstaffing", or in which the time billed for the specific task appears excessive. *See Conner v. Mid South Insurance Agency, Inc.,* 943 F.Supp. 663, 666 (W.D. La 1996) citing *Leroy,* 906 F.2d at 1080; *Leroy*, 906 F.2d at 1078-79 citing *Hensley*, at 1939-40; *Bode v. United States,* 919 F.2d 1044, 1047 (5th Cir. 1991); *Hensley,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 51; *Von Clark v. Butler,* 916 F.2d 255, 259 (5th Cir. 1990). Accordingly, the hours billed by William M. Bass and Phyllis Thibodeaux should not be adjusted.

## HOURLY RATES CLAIMED

To determine reasonable rates, a court considers the attorney's regular rate as well as prevailing rates in the community. *Louisiana Power & Light Co.,* 50 F.3d at 328. A reasonable rate is the market rate. *Conner,* 943 F.Supp. at 667. Eight years ago, the Fifth Circuit noted approval by the United States District Court for the Western District of Louisiana hourly rates of $175.00 for partners and $135.00 for associates in an antitrust suit. *Strong v.*

8

*BellSouth Communications,* 137 F.3d 844, 850 (5th Cir. 1998). In 1996, Judge Little approved hourly rates of $140.00 and $120.00 for attorneys and $40 per hour for paralegals in an ERISA action. *Conner*, 943 F.Supp. at 663. In 2001, this Court determined that $150.00 per hour was a reasonable fee for partners and $100.00 per hour was a reasonable fee for associates in a shareholder's derivative action. *Vidrine v. American Securities Bancshares of Ville Platte, Inc.*, No. 98-1939 (W.D. La. Nov. 8, 2001). Noting the age of the above cases, the undersigned finds that $175.00 is a reasonable hourly rate for William M. Bass, and that $60.00 is a reasonable hourly rate for paralegal Phyllis Thibodeaux.

Accordingly, the undersigned recommends that the fees be calculated as follows: the reasonable hourly rate for William M Bass is $175.00 for 187.70 hours ($32,847.50), and reasonable hourly rate for paralegal Phyllis Thibodeaux is $60.00 for 56.10 hours ($3,366.00), for a total of $36,213.50.

Rule 1.5/ *JOHNSON* ANALYSIS

As set forth above, Rule 1.5 of the Louisiana Rules of Professional Conduct requires virtually the same analysis as is required under *Johnson*. The undersigned will undertake this analysis under *Johnson,* but the result would be the same under Rule 1.5.

A listing of the factors and analysis of each factor as it applies in this case follows. (1) Time and labor involved: the lodestar adequately compensates time and labor involved; (2) Novelty and difficulty of the questions: neither the facts, nor the underlying legal theories involved in this case, were novel or difficult; (3) The skill required to perform the legal services

properly: the hourly rate adequately compensates counsel for the level of skill required to handle this case competently; (4) Preclusion of other employment: there is no evidence to establish that the handling of this case precluded handling of other cases by Sea Mar's counsel; (5) Customary fee: in accordance with the above analysis, the hourly rates awarded herein fall within the current applicable range; (6) Fixed or contingent fee: this case was billed on an hourly basis; thus, this factor does not justify adjustment;[6] (7) Time limitations: This court's standard Scheduling Order was issued in this case, and Sea Mar's counsel was permitted the same time limitation afforded all litigants who file motions for summary judgement in this court, thus, the undersigned concludes that no extraordinary time limitations or onerous circumstances were present or imposed;[7] (8) The time involved and the results obtained: Sea Mar's re-urged Motion for Summary Judgment was granted within one month from the date of filing; thus, the lodestar adequately compensates for this factor; moreover, as the Supreme Court has greatly limited the use of this factor, and no specific evidence has been introduced in support, the lodestar requires no adjustment. *Walker,* 99 F.3d at 771; (9) The experience, reputation and ability of counsel: counsel enjoys the reputation of providing competent representation; the lodestar, however, adequately compensates for this factor; (10) The undesirability of the case: no evidence was adduced on this point; (11) The nature and length of the professional relationship with the client: no evidence was adduced on this point; (12)

---

[6]In *Walker,* 99 F.3d at 772, the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor. *Id*. citing *City of Burlington v. Dague,* 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992) and *Shipes v. Trinity Indus.,* 987 F.2d 311, 320 (5th Cir.), *cert. denied*, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[7]The seventh factor is subsumed in the number of hours reasonably expended. *Walker,* 99 F.3d at 772.

Awards in similar cases: Counsel has cited no cases. The lodestar is presumptively reasonable and should be modified only in exceptional cases. *City of Burlington v. Dague,* 505 U.S. 557, 112 S.Ct 2638, 2641, 120 L.Ed.2d 449 (1992). This is not such a case; the lodestar requires no adjustment.

EXPENSES

Finally, the request for expenses totaling $4,103.73 must be addressed. These amounts include charges for long distance telephone calls, postage, photocopies, mileage, meals, hotels, air fare and rental cars, as well as courier fees, fees for copies of records, court reporter fees, witness travel fees, and process server fees.

Recovery of expenses pursuant to the Federal Rules of Civil Procedure and federal attorneys' fees statutes do not necessarily permit recovery for everything that the party has spent to achieve victory. *See Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1098 (5th Cir. 1982), *overruled on other grounds*, *International Woodworkers of America, AFL-CIO and its Local No. 5-376 v. Champion Intern. Corp.,* 790 F.2d 1174 (5th Cir. 1986). However, recovery of the expenses at issue herein is pursuant to a contract which provides that lawsuits, such as the suit filed by the Browns, be defended by Offshore. Unlike a request for the recovery of attorneys' fees which, as discussed above, is subject to judicial review whether recovery is sought pursuant to a statute or contract, the undersigned has found no jurisprudence allowing this court to examine the reasonableness of expenses submitted as damages pursuant to a breach of contract. Offshore has not objected to any of the requested expenses or directed the court to any statute or jurisprudence which would allow this court to examine the reasonableness of the expenses paid

11

for and submitted by Sea Mar for recovery pursuant to the contract at issue herein. Offshore does not dispute that the expenses sought to be recovered herein were actually paid by Sea Mar. A review by the undersigned of the expenses sought seem to be the type of expenses customarily incurred in the defense of an action such as this. Accordingly, the undersigned recommends that Sea Mar be awarded $4,103.73 in expenses.

CONCLUSION

For the reasons assigned hereinabove, it is recommended that the sum of $36,213.50 in attorney's fees and $4,103.73 in expenses be awarded to Sea Mar.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, **79 F.3d. 1415 (5th cir. 1996)**.

Lafayette, Louisiana, October 26, 2006.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE